**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: BELLA VISTA BY PARAMONT, LLC, | No. 11-60022 |
| Debtor, | BAP No. 10-1191 |
| GARY FARRAR, Chapter 7 Trustee, | MEMORANDUM* |
| Appellant, | |
| v. | |
| WARDA & YONANO, LLP, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kirscher, Hollowell, and Dunn, Bankruptcy Judges, Presiding

Argued and Submitted November 4, 2013
San Francisco, California

Before: REINHARDT, NOONAN, and WATFORD, Circuit Judges.

---

        \*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

This appeal grows out of an adversary proceeding in the Chapter 7 bankruptcy of Bella Vista by Paramont, LLC ("Bella Vista"). Gary Farrar ("Farrar"), the trustee for Bella Vista, sued Warda & Yonano ("W&Y"), Bella Vista's counsel, to avoid and recover payments made by Bella Vista to W&Y for legal services rendered to Bella Vista and entities related to Bella Vista. Farrar sought to set aside the payments as preferential transfers under 11 U.S.C. § 547 and fraudulent conveyances under 11 U.S.C. § 548. Judge Ronald H. Sargis of the U.S. Bankruptcy Court for the Eastern District of California (the "bankruptcy court") entered judgment for Farrar. The Bankruptcy Appellate Panel ("BAP") reversed.

**Preferential Transfer.** The Bankruptcy Code permits trustees to recover "preferential transfers," or "preferences," made between the debtor and its creditors before the debtor filed a bankruptcy petition. *In re Schuman*, 81 B.R. 583, 585 (9th Cir. BAP 1987); 11 U.S.C. § 547. To be avoidable, a preference must, among other things, be made within a specified period — often termed the "reach-back period" — before the bankruptcy filing. In most cases, the reach-back period is 90 days; however, where the creditor is deemed to be an "insider," the reach-back period is extended to one year. *In re Schuman*, 81 B.R. at 585; 11 U.S.C. § 547(b)(4)(A), (B). Entities related by blood or marriage are deemed insiders. *In re*

2

*Friedman*, 126 B.R. 63, 69–70 (9th Cir. BAP 1991).  Insiders are also those whose relationship with the debtor "compels the conclusion that the individual or entity has a relationship with the debtor, close enough to gain an advantage attributable simply to affinity rather than to the course of business dealings between the parties."  *Id.* at 70.

The bankruptcy court determinated that W&Y was an insider because W&Y had access to insider information and because the timing of the bankruptcy — which W&Y, as Bella Vista's counsel, helped file — was suspicious.  The BAP was not persuaded and neither are we.  Insider status is a question of control, *see In re Schulman*, 81 B.R. at 586, and there is nothing in the record that suggests that Bella Vista and W&Y shared bank accounts or any other property, or were personally rather than professionally involved.  The indicia of control bespeaking insider status are missing.  On this issue, the BAP is affirmed.

**Fraudulent Conveyance.**  The Bankruptcy Code permits trustees to recover "fraudulent conveyances": certain transfers made by the debtor within two years of the date of the bankruptcy petition.  11 U.S.C. § 548(a)(1).  The bankruptcy court determined that Farrar had established each element of 11 U.S.C. § 548 — had established, in other words, that certain payments from Bella Vista to W&Y were fraudulent conveyances.  But the bankruptcy court failed (or declined) to determine

3

the precise value of the conveyances. The BAP reversed, finding that the bankruptcy court erred for failing to quantify the conveyance. The bankruptcy court did err; but the case ought to have been remanded, not simply reversed. For there was enough evidence to resolve the matter, including allowing the bankruptcy court to quantify the conveyance. What is missing is simply the necessary findings. The BAP ought to have remanded for further findings. We do so now.

**Initial Transferee.** Trustees may only recover preferences and fraudulent conveyances from certain parties, among them the "initial transferee." 11 U.S.C. § 550(a)(1). In this circuit, an initial transferee is one who has "dominion" over the money. *In re Incomnet, Inc.*, 463 F.3d 1064, 1069–70 (9th Cir. 2006). One who has dominion has the "legal authority over the money and the right to use the money however [one] wishe[s]." *Id.* at 1070. The BAP found that the bankruptcy court failed to determine whether W&Y was the initial transferee. On that basis, the BAP reversed. Contrary to the BAP, we believe that the bankruptcy court did address the initial transferee issue when it stated: "I find that, under . . . Section 550, the trustee is entitled to judgment." We also believe that the bankruptcy court's legal determination was correct. W&Y has not advanced a credible

4

argument that it was not the initial transferee. Accordingly, we reverse the BAP on this issue.

AFFIRMED in part; REVERSED and REMANDED in part.